UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JACQUES HUGH WARREN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:09-CV-1102

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter is before the Court on Movant Jacques Hugh Warren's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. For the reasons that follow, his motion will be denied.

Movant was indicted on March 28, 2007, on the following charges: (1) conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(ii); (2) distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; (3) possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii); (4) possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); (5) possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (6) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), and 924(a)(2). (File No. 1:07-CR-0079, Dkt. No. 1, Indict.) Movant pleaded guilty to counts three and five on June

4, 2007, and was sentenced to 151 months for count three and 60 months for count five, to be served concurrently. (File No. 1:07-CR-0079, Dkt. Nos. 59, 72, Plea Agrmt., J.) Movant appealed on September 19, 2007, and his conviction was affirmed on December 8, 2008. *United States v. Warren*, No. 07-2163 (6th Cir. Dec. 8, 2008). Movant filed his § 2255 motion on December 4, 2009. (Dkt. No. 1, Mot. to Vacate.) Movant seeks relief based on three separate claims of ineffective assistance of counsel.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999)

(quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice"; or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

District Courts provides that if it plainly appears from the face of the § 2255 motion, exhibits, and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal. Upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief.

### III.

Movant filed a motion to amend his original § 2255 motion. The motion to amend was filed on May 26, 2010, outside of the statute of limitations under section 2255(f). An amendment may be filed outside of that time limit if the amendment "relates back" to the "conduct, transaction, or occurrence" that forms the basis of the claim or claims in the original motion. Fed. R. Civ. P. 15(c); *See Mayle v. Felix*, 545 U.S. 644 (2005). In order to relate back, the claims must "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. Movant's original § 2255 contained three separate claims of ineffective assistance of counsel. His motion to amend, on the other hand, alleges that he is entitled to a reduced sentence under 18 U.S.C. § 924(c) because of a change of law. (Dkt. No. 3.) Movant refers to *United States v. Almay*, 08-6027 (6th Cir. March 10, 2010), which addresses whether sentences under § 924(c) should run concurrently or consecutively. This claim does not "arise out of the same core facts as the timely filed claims" and therefore is time barred. *Mayle*, 545 U.S. at 657.

Movant seeks relief based on three distinct claims of ineffective assistance of counsel:

4

(1) failure to object to a defective indictment; (2) failure to object to errors affecting the fairness of the proceedings; and (3) failure to move to suppress statements because Movant was not read his Miranda rights. (Dkt. No. 1.)

Movant's first claim, while unclear, appears to be that he was convicted of aiding and abetting, even though he was indicted on conspiracy. (Dkt. No. 1, 14-17.) Movant only pleaded guilty to counts three and five. (Indict., Pl. Agrmt.) He was not convicted of conspiracy or of aiding and abetting; he was only convicted of possession of cocaine base and possession of a firearm in furtherance of drug trafficking. (J.) Even if information about the conspiracy, or aiding and abetting, was discussed at sentencing, the court is permitted to address relevant conduct in determining a sentence. Federal Sentencing Guidelines Manual §1B1.3 (2010). Movant provided no additional facts to support his claim. This claim will be dismissed for lack of merit.

Movant's second claim is that there were errors affecting the fairness of the proceedings. (Dkt. No. 1, 18.) Movant again refers to the allegedly defective indictment and provides no additional facts to support his claim that there was an error in the proceedings. Therefore, this claim is without merit and will be dismissed.

Movant's third claim is that counsel was ineffective for not objecting to the use of statements Movant made during his arrest before he was read his Miranda rights. (Dkt. No. 1, 18.) Counsel did file a motion to suppress statements made during the arrest. (Dkt. No. 35, Mot. to Suppress.) This motion alleged a violation of Movant's Fifth and Sixth

Amendment rights, and the court set a date for the motion hearing. (Dkt. Nos. 35, 49.) This hearing was later adjourned because Movant pleaded guilty. Because Movant pleaded guilty, none of Movant's statements made during that arrest were used as evidence against him. Movant's claim that Counsel was objectively unreasonable for not objecting to statements made in violation of Movant's Miranda rights is contradicted by the record. Therefore, this claim is without merit and will be dismissed.

## IV.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Rules Governing § 2255 Cases, Rule 4(b). Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe

that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: December 9, 2010                     /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE